## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CASE NO.:

**JOHN GRANDIZIO,**
        **Plaintiff,**

**vs.**

**AIMS MEDICAL SALES**
**COLLEGE, LLC,**
        **Defendant.**

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

COMES NOW the Plaintiff, JOHN GRANDIZIO ("Mr. Grandizio" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, AIMS MEDICAL SALES COLLEGE. ("AIMS" or "Defendant") and alleges the following:

## INTRODUCTION

1.     Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623 (a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## PARTIES

2.     Plaintiff worked for Defendant from December 28, 2019, until August

31, 2021, as a Senior Director of Career/Employer Development.

3.      Plaintiff is protected by the ADEA because:

    a.  He is a male over forty (40) years of age who suffered discrimination because of his age by Defendant; and

    b.  He suffered an adverse employment action and was subjected disparate treatment based on his age, including being fired because of discrimination by Defendant regarding his age.

4.      Defendant is a Florida Limited Liability Company that is engaged in the medical devices sale education industry.

5.      At all times material, Defendant employed 20 or more employees.

6.      Defendant is an employer as defined by 29 U.S.C. Section 630(b).

## JURISDICTION AND VENUE

7.      The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

8.      This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

9.      Venue is proper in the Tampa Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(5) because Defendant conducts substantial business in Tampa, Florida, and Plaintiff worked for Defendant in Tampa, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

10.    On or around September 22, 2021, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

11.    On or around September 22, 2022, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12.    More than 180 days have passed since the filing of the Charge of Discrimination.

13.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.    Plaintiff, a sixty-four (64) year old man at the time, worked for Defendant as a Senior Director of Career and Employer Development from December 28, 2018, until his unlawful termination on or around August 31, 2021.

16.    During his tenure at Defendant's company, Plaintiff was, by all accounts, an exceptional employee with no history of attendance, disciplinary, or

performance issues.

17.     In mid-August of 2021, AIMS informed Mr. Grandizio that he and his entire team, all who were forty (40) years of age or older, would soon be terminated, effective August 31, 2021.

18.     Subsequently AIMS replaced Plaintiff and his team with significantly younger employees.

19.     It is clear that AIMS specifically targeted Plaintiff and his team for termination due to their advanced age.

20.     Defendant's decision to exclusively fire older employees in the manner mentioned above constitutes unlawful disparate treatment on the basis of age.

21.     On August 31, 2021, Defendant fired Mr. Grandizio, along with the rest of his team, all of whom were over forty years old.

22.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

23.     Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar offenses.

24.     Defendant's decision to replace Mr. Grandizio with an intern in their twenties evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

25.     Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

26.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination and retaliation he endured at the hands of the Defendant.

27.     Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

28.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- VIOLATION OF THE ADEA
## BASED ON AGE DISCRIMINATION

29.     Plaintiff realleges and readopts the allegations contained in paragraphs 1-28 of the Complaint, as if fully set forth in this Count.

30.     Plaintiff was over forty (40) years old when he was terminated.

31.     Plaintiff was not terminated for cause.

32.     Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

33.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

34.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

35.     Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

36.     Plaintiff had more seniority than the employee who took over his primary job duties.

37.     Defendant's termination of Plaintiff was willful and intentional and constitutes a reckless disregard for Plaintiff's rights.

38.     Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

39.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## **REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

40.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

41.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

42.     Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

43.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

44.     Provide any additional relief that this Court deems just.

**COUNT II- VIOLATION OF THE FCRA**
**BASED ON AGE DISCRIMINATION**

45.     Plaintiff realleges and readopts the allegations contained in paragraphs 1-28 of the Complaint, as if fully set forth in this Count.

46.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

47.     Plaintiff was over forty (40) years old when he was terminated.

48.     Plaintiff was terminated only because of his age, and would not have been terminated, but for his age.

49.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

50.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

51.     Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

52.     Plaintiff had more seniority than the employee who took over his primary job duties.

53.     Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

54.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

55.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

56.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

57.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## <u>REQUEST FOR RELIEF- COUNT II</u>

WHEREFORE, Plaintiff prays that this Court will:

58.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

59.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

60.     Grant Plaintiff a judgment against Defendant for all lost wage and compensatory damages, including liquidated damages;

61.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.

62.     Provide any additional relief that this Court deems just.

Respectfully submitted,

By: */s/ Noah Storch*
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, 103
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Attorney for the Plaintiff*